[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11307
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:07-cr-00308-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD FLOYD BROWN, a.k.a. Donald Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 14, 2011)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Donald Floyd Brown appeals the district court's denial of his motion for a

new trial based on newly discovered evidence, pursuant to Fed. R. Crim. P. 33.

After his convictions for conspiracy to rob federally insured credit unions, in violation of 18 U.S.C. § 371, attempted credit union robbery, in violation of 18 U.S.C. § 2113(a), possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. § 586, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), the new evidence came in the form of a letter from the government dated approximately one year after Brown's trial, stating that one of the government's primary witnesses against Brown had been indicted on insurance fraud charges stemming from activities that occurred both before and after the events leading to the case against Brown.

Brown argues that, as required by Fed. R. Crim. P. 33, the new evidence is not merely cumulative or impeaching because the government's case was dependent on the informant's testimony to prove the elements of the charged offenses, and the new evidence probably would have resulted in an acquittal. Brown also asserts for the first time on appeal that due process, as well as the concepts of justice and fair play, entitle him to a new trial.

We review "the denial of a motion for a new trial based on newly discovered evidence for abuse of discretion." *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003). "Constitutional objections not raised before the district court are reviewed only for plain error." *See United States v. Moriarty*,

429 F.3d 1012, 1018 (11th Cir. 2005). "[U]nder this standard [a defendant] must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *Jernigan*, 341 F.3d at 1289 (quotation omitted). "A plain error is an error that is obvious and is clear under current law." *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999). "Without precedent directly resolving . . . [a] claim, . . . [the] alleged error is not 'obvious' or 'clear' under current law." *Id.* Under Fed. R. Crim. P. 33, upon a defendant's motion, the district court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

As we have held,

> To succeed on a motion for new trial based on newly discovered evidence, the movant must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

*Jernigan*, 341 F.3d at 1287 (quotation omitted). "Failure to meet any one of these elements will defeat a motion for a new trial." *United States v. Starrett*, 55 F.3d 1525, 1554 (11th Cir. 1995). "Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only

3

with great caution. Indeed, the defendant bears the burden of justifying a new trial." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (quotation omitted). "Newly discovered impeaching evidence is insufficient to warrant a new trial." *United States v. Champion*, 813 F.2d 1154, 1171 (11th Cir. 1987).

After a review of the record and consideration of the parties' briefs, we conclude that the district court did not abuse its discretion to deny Brown's motion for a new trial because the new evidence was cumulative and merely impeaching, and because Brown did not show that the jury would probably have reached a different result. Further, in the absence of precedent resolving Brown's due process claim, his argument fails under plain error review. Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1]Appellant's request for oral argument is denied.